# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 1:18CR00689-001** |
|     **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **JUDGE JAMES S. GWIN** |
| | ) | |
| | ) | |
| | ) | |
| **CHRISTOPHER BRENICK** | ) | **DEFENDANT'S** |
|     **Defendant.** | ) | **SENTENCING MEMORANDUM** |

Now comes the Defendant, by and through counsel, and hereby submits the following sentencing memorandum in the instant matter. A sentencing date of April 30, 2019 at 12:00 pm is scheduled.

                                                Respectfully Submitted,

                                                /s/ Erik E. Jones
                                              ERIK E. JONES, ESQ. (#0075418)
                                              137 South Main Street, Suite 102
                                              The Delaware Building
                                              Phone (234) 208-5020
                                              Facsimile (234) 205-2687
                                              erik@erikejoneslaw.com
                                              *Attorney for Defendant Christopher Brenick*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2019 a copy of the foregoing filed electronically, Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

Respectfully Submitted,

/s/ Erik E. Jones
ERIK E. JONES, ESQ. (#0075418)
137 South Main Street, Suite 102
The Delaware Building
Phone  (234) 208-5020
Facsimile (234) 205-2687
erik@erikejoneslaw.com
*Attorney for Defendant Christopher Brenick*

**MEMORANDUM**

**A.     Introduction**

Christopher was named in a one count indictment charging him with Making a False Statement in Acquisition of a Firearm, in violation of 18 U.S.C. § 922(a)(6), 18 U.S.C. §924(a)(2). He was summoned to appear for arraignment on December 4, 2018, where he pled not guilty and was granted a $20,000.00 unsecured bond. On January 14, 2019, Christopher appeared before this Honorable Court and guilty to the charged offense. This offense is a Class C Felony, punishable by nor more than ten years imprisonment and a $250,000.00 fine.

**B.     Defendant History**

  **I. Personal**

Christopher was born August 7, 1995 to parents Patricia and John Brenick. He was raised in Valley View, Ohio and has a younger brother. He has the support of his family as his parents have attended all court hearings.

  **II. Medical and Mental Health**

Christopher has no significant physical ailments. However, he has received mental health services since he was eight years old. Christopher has been diagnosed Attention Deficit Hyper Activity Disorder, Depression and Anxiety. He has been previously prescribed Risperdal and Buspar, but has discontinued both because he did not like the side effects. He has participated in counseling both as a minor and as an adult, but currently is not engaged in mental health services. However, Christopher is interested in resuming professional mental health services.

Christopher has admitted prior substance abuse including marijuana, alcohol and Xanax. He

is presently engaged in counseling services for his substance abuse issues and is participating in a Treatment in Lieu of Conviction program from the Summit County Court of Common Pleas, case number CR 2018-03-0777 before Judge Mary Margaret Rowlands.

### III. Education and Employment History

Christopher graduated from Cuyahoga Heights High School in 2013. He has engaged in some classes at Cuyahoga Community College, but has not earned a degree. Christopher is presently employed with Seasonal Solutions, a landscaping business owned by his father. Although seasonal, Christopher works over forty hours a week during the summer.

**C.    Sentencing Computation**

### I. Criminal History

Christopher has a criminal history score of two putting him in Criminal History category II.

### II. Offense Level

Christopher and AUSA Deckert concur that the Base Offense Level for the instant offense is twelve. However, Christopher has accepted responsibility therefore earning him a 2 level reduction yielding an adjusted Offense Level of ten.

### III. Guidelines Range

An Offense Level of ten and a Criminal History Category II yields a guideline range of eight to fourteen months and falls within Zone B.

**D.    The Goals of Sentencing - 18 U.S.C. §3553(a)**

After **Booker**, federal sentencing is vastly different. Treating the Guidelines as advisory requires that the Court consider the guideline range calculation is merely one of many factors in determining a sentence *no greater than necessary to achieve the goals of sentencing* as set forth in 18

U.S.C. § 3553(a)(2). See **Gall v. United States**, 128 S.Ct.586, 597 n.6 (2007); **Kimbrough v. United States**, 128 S.Ct. 558, 570 (2007). The overriding principle and mandate of §3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to achieve the four purposes of sentencing as set forth in §3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. **Id**.

The "sufficient but not greater than necessary" requirement has been referred to as the "parsimony provision." See **United States v. Denardi**, 892 F.2d 269, 276-77 (3rd Cir. 1989). This Circuit has found that the parsimony provision serves as "the guidepost for sentencing decisions post-Booker" and sets an independent limit on the sentence a court may impose. **United States v. Ferguson**, 456 F.3d 660, 667 (6th Cir. 2006), see also **United States v. Cull**, 446 F.Supp.2d 961, 963 (E.D. Wis. 2006). Since §3553(a) requires a sentence to be no greater than necessary to meet the four purposes of sentencing, imposition of a sentence greater than necessary to meet those purposes is reversible, even if within the applicable guideline range. **Id**.

**E.     The Guidelines and Other Factors Courts Must Consider in Determining a Punishment that Fulfills the Sentencing Mandate under §3553(a)(2)**

In determining the sentence minimally sufficient to comply with the §3553(a)(2) purposes of sentencing, the court must consider several factors listed in §3553(a). Those factors include:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed -

   (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B)     to afford adequate deterrence to criminal conduct;

5

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the advisory guideline range;

(5)    any pertinent policy statements issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities; and

(7)    the need to provide restitution to any victims of the offense.

See, 18 U.S.C. §3553(a) (2007). See generally **Rita v. United States**, 127 S.Ct. 2456, 2463-65 (2007); **Kimbrough v. United States**, 128 S.Ct. 558 (2007); **Gall v. United States**, 128 S.Ct. 586 (2007); **Spears v. United States**, 129 S.Ct. 840 (2009).

    While district courts must in all cases "consider" the guideline range, **Booker**, 543 U.S. 220, 245-46, the Guidelines do not subordinate the other factors in §3553(a). As this Circuit has pointed out, the sentencing mandate under §3553(a) serves as "the guidepost for sentencing decisions post-Booker" **Ferguson**, 456 F.3d at 667, and the Guidelines carry no more weight than any other factor under §3553(a). Importantly, a sentencing court may not presume that a sentence within the guideline range is reasonable. **Rita**, 127 S.Ct at 2463-65.

    In a post-Booker world federal district judges have significant discretion to impose sentences below (or above) those called for under the Sentencing Guidelines. See **Spears v. Untied States**, 129 S.Ct. 840 (2009); **Kimbrough v. United States**, 128 S.Ct. 558, 570 (2007); **Gall v. United States**,

128 S.Ct. 586, 597 n.6 (2007). A non-guideline sentence may not be presumed to be unreasonable, and district courts need not impose sentences greater than they believe necessary out of fear of reversal. **Rita** at 2467. Instead, after determining the Guideline range, the sentencing court may decide that a sentence in that range:

> should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "Heartland" to which the Commission intends individual Guidelines to apply, U.S.S.G. § 5K2.O, perhaps because the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or perhaps because the case warrants a different sentence regardless. See Rule 32(f).

**Rita**, 127 S.Ct. At 2465. District courts may even consider arguments that a particular guideline reflects "an unsound judgment" generally. **Rita** at 2468; **Spears** at 843. The appellate courts should not disturb the court's judgment if the sentencing judge provides reasons for the sentencing decision. **Rita** at 2468.

### F. Application of Sentencing Factors

Applying the Sentencing factors in §3535(a)(2), this Court can fashion a sentence which will balance the need for incarceration relative to the seriousness of his conduct. Counsel requests that this Court honor the Plea Agreement reached in this matter and impose a sentence which reflects the same.

Christopher pled guilty to a Class C felony. A court is not prohibited from tendering a sentence of probation for a Class C felony pursuant to Sentencing Guideline section 5B1.1(b).

Additionally, Christopher's sentencing guidelines fall within Zone B. Sentencing Guideline section 5B1.1(a)(2) provides that a sentence of probation is authorized if the applicable guideline range is in Zone B of the Sentencing Table and the court imposes a condition or combination of

conditions requiring intermittent confinement, community confinement, or home detention as provided in subsection (c)(3) of section 5C1.1.

If a sentence of imprisonment is imposed for a Class C felony that falls within Zone B, Sentencing Guideline section 5C1.1(c)(3) provides that a term of imprisonment may be satisfied by a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in subsection (e). Sentencing Guideline section 5F1.2 specifically provides that home detention can serve as a substitute for imprisonment and that section 5C1.1(e)(3) provides that every day of home detention ordered would serve to satisfy the same amount of days of imprisonment ordered.

### G. Conclusion

Christopher has pled guilty and has taken responsibility for his actions that give rise to the indictment for the instant offense. He has been in compliance with the vast majority of conditions of his pretrial supervision, with the exception of one positive drug test from January 23, 2019. Christopher has not impeded or obstructed justice during the investigation or prosecution of this case. He has appeared for all court appearances and for all pretrial supervision meetings, appropriately dressed polite and humble. Christopher's criminal history is minimal and does not contain any crimes of violence and only one felony that will most likely be dismissed, sealed and expunged.

Christopher's case presents precisely the type of factors that should be considered by the courts after **Booker**. The succession of cases after **Booker**, including **Rita**, **Gall**, **Kimbrough**, and **Spears**, all demonstrate that this court has the authority and duty to consider the above-mentioned factors when arriving at a sentence that fulfills the sentencing mandate of §3553.

Respectfully Submitted,

/s/ Erik E. Jones
ERIK E. JONES, ESQ. (#0075418)
137 South Main Street, Suite 102
The Delaware Building
Phone  (234) 208-5020
Facsimile (234) 205-2687
erik@erikjoneslaw.com
*Attorney for Defendant Christopher Brenick*